IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JOHNSON MATTHEY INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:07CV260 |
| NOVEN PHARMACEUTICALS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

**1.    Introduction**

In this patent infringement case, the plaintiff, Johnson Matthey Inc. ("Johnson Matthey"), seeks damages for infringement of United States Patent No. 6,096,760 ("the '760 patent"). The defendants are Noven Pharmaceuticals, Inc. ("Noven"), Shire US, Inc. ("Shire US"), and Shire Pharmaceuticals Ireland Limited ("Shire Ireland"). The defendants have filed motions to transfer venue, contending that the case should be transferred to the Eastern District of Pennsylvania (##24,25). For the following reasons, those motions are denied.[1]

**2.    Discussion**

   **A.    Factual Background and Procedural Posture**

Johnson Matthey is a Pennsylvania corporation, having its principal place of business in Wayne, Pennsylvania. Noven is a Delaware corporation, having its principal place of business in Miami, Florida. Shire US is a New Jersey corporation, having its principal place of business in Wayne, Pennsylvania. Shire Ireland is an Irish corporation having its principal place of business in

---

[1]    The request for oral hearing on these motions is denied.

Dublin, Ireland.

The named inventor of the '760 patent is Chester Sapino. Although he is retired, Mr. Sapino consults for Johnson Matthey and lives in the Syracuse, New York area. The '760 patent claims methylphenidate base, and methods for making and using methylphenidate base. Methylphenidate base is used to treat Attention-Deficit Hyperactivity Disorder.

The allegedly infringing product is Daytrana™, an adhesive patch that provides transdermal delivery of methylphenidate base. The methlyphenidate included in the accused adhesive patch is manufactured by Mallinckrodt Inc., now known as Covidien Ltd. ("Mallinckrodt"). Mallinckrodt is not a party to this case. Noven manufactures the patch containing the methylphenidate, and Shire distributes the products throughout the United States.

On June 19, 2007, Johnson Matthey filed the present case, asserting that Noven infringed the '760 patent. On July 18, 2008, the Shire defendants filed a declaratory judgment suit in the Eastern District of Pennsylvania. On July 23, 2008, Johnson Matthey amended its complaint to join the Shire defendants in this case. Both Noven and the Shire defendants filed motions to transfer venue to the Eastern District of Pennsylvania, relying of 28 U.S.C. § 1404(a). The Shire defendants also argued that the Eastern District of Pennsylvania was the first-filed case. On February 14, 2008, the court in the Eastern District of Pennsylvania dismissed the Shire defendants' declaratory judgment suit, concluding that this case was the first-filed case.[2] The motions to transfer venue under § 1404(a) are fully briefed and are ripe for decision.

---

[2] This court likewise rejects the Shire defendants' arguments relying on the first-filed rule.

B.      **Discussion**

The governing statute provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether a transfer is proper, a district court first assesses whether the case might have been brought in the proposed transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, then the court addresses the various private and public interest factors to determine whether a transfer is warranted. *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 WL 3543151 * 1 (E.D. Tex. 2005). In this case, there is no dispute that the case might have been brought in the Eastern District of Pennsylvania. As such, the court will address the private and public interest factors relevant to the transfer decision.

The court begins with the plaintiff's choice of forum. Here, the plaintiff selected this forum, and that selection is entitled to deference unless the convenience factors justify a transfer. *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003)("We believe that it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative."); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987); *HolyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999)("A transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum and then weigh the convenience of both parties.").

The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 203. The private interest factors examine the relative ease of access to sources of proof, the availability of compulsory

3

process to secure the attendance of witnesses, the cost of attendance for willing witnesses and all other practical problems that make trial of a case easy, expeditions and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The public interest factors involve the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, the unfairness of burdening citizens in an unrelated forum with jury duty, and the avoidance of unnecessary problems in conflict of laws. *Id*.

The plaintiff's choice of forum weighs in favor of retaining the case in this court. However, some of the private interest factors are neutral, and others weigh in favor of a transfer. To illustrate, although some of the parties and witnesses are located in the transferee district, Noven and its personnel are located in Florida. Travel for the Noven witnesses will be burdensome in either district, and the plaintiff presumably took into account any inconvenience to its witnesses (and the inventor) when it elected to file suit here. Mallinckrodt, a third party, is located in Missouri. Moreover, most patent cases involve testimony from retained experts located across the country and/or from other parts of the world. The convenience of expert witnesses is generally accorded little weight in the transfer analysis. *Jacobs Chuck*, 2005 WL 3543151 at *3. The Shire defendants do identify three third party witnesses who reside close to the proposed transferee forum, and a transfer would be more convenient for those witnesses. On balance, therefore, given that some of the parties, their party witnesses, and the Shire defendants' third party witnesses are located near the transferee district, some of the private interest factors weigh in favor of the defendants' motion.

With respect to practical problems, such as for the location of evidence, any documentary proof can be as easily transported to Marshall for trial as to the proposed transferee district. Indeed, much discovery in patent cases is now exchanged electronically. Accordingly, this factor is neutral.

4

*Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534 at *6 (E.D. Tex. 2004).

The Fifth Circuit has stated that the possibility of prejudice and delay arising from transfer is relevant only in rare circumstances. *In re Horseshoe Entertainment*, 337 F.3d at 434. This factor is not implicated in this case.

Turning to the public interest factors, these factors do not support a transfer. The accused product is sold throughout the United States–the evidence indicates that the product is available nationwide at retail pharmacies. As such, there is a local interest involved in adjudicating this dispute and it is not unfair to burden the citizens of this district with jury duty. Moreover, any administrative difficulties with court congestion are negligible, and this factor is neutral. Finally, the case arises under federal patent law and there are no problems relating to conflict of laws. Thus, the public interest factors do not weigh in favor of a transfer.

**3.     Conclusion**

Having considered the relevant factors under 28 U.S.C. § 1404(a), the court is not persuaded that a transfer of venue is warranted in this case. As such, the court denies the defendants' motions to transfer (##24, 25).

SIGNED this 25th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE